**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4585

GROVER L. DILLON, SR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-98-140)

Submitted: August 29, 2000

Decided: September 13, 2000

Before WILKINS and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brian A. Glasser, Jennifer S. Fahey, BAILEY & GLASSER, L.L.P.,
Charleston, West Virginia, for Appellant. Rebecca A. Betts, United
States Attorney, L. Anna Crawford, Assistant United States Attorney,
Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Grover L. Dillon, Sr., appeals his conviction and sentence for five counts of mail fraud in violation of 18 U.S.C. § 1341 (1994). Dillon raises three sentencing issues on appeal: (1) whether the district court erred in departing upward from the applicable guideline range pursuant to U.S. Sentencing Guidelines Manual§ 5K2.1 (1998), based on its finding that Dillon murdered his stepson; (2) whether the district court erred in imposing a two-level enhancement for a crime involving a vulnerable victim pursuant to USSG § 3A1.1; and (3) whether the district court erred in imposing a two-level enhancement based on its finding that Dillon's fraudulent conduct involved the reckless risk of serious bodily injury pursuant to USSG § 2F1.1(b)(6). Finding no reversible error, we affirm.

First, if a defendant's criminal conduct results in death, upward departure is encouraged by the sentencing guidelines if the applicable offense level has not already taken into account the risk of personal injury. See USSG § 5K2.1, p.s. Because the underlying offense of mail fraud does not adequately account for the risk of personal injury, we find that the district court had discretion to depart above the guideline range. Further, our review of the record reveals that the district court had ample evidence to support its factual determination that Dillon murdered his stepson, Bernie Carter. We therefore find that the district court did not err in departing upward from the guideline range.

Additionally, a two-level adjustment in the offense level should be made if the defendant knew or should have known that a victim of the offense was "unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." USSG § 3A1.1. comment. (n.2). The record supports the district court's findings that both Maxine Meadows and Karen Johnson had serious substance abuse and health problems, and that Dillon

2

was aware of and exploited these problems. Accordingly, we find that it was reasonable for the district court to conclude that Dillon specifically chose these women as victims of his insurance fraud scheme due to their unusual vulnerability, and the district court correctly applied USSG § 3A1.1 to increase Dillon's offense level by two levels.

Finally, a two-level adjustment in the offense level should be made if the defendant's fraudulent conduct involved the reckless risk of serious bodily injury. See USSG § 2F1.1(b)(6). The district court found that Dillon took out life insurance policies on both Meadows and Johnson in the expectation that they would die due to their propensity to abuse drugs and/or alcohol. Further, the district court found credible the testimony of witnesses who stated that Dillon supplied Meadows with large amounts of alcohol and that Dillon instructed an individual to take Meadows across the state line if medical assistance was necessary because doing so would diminish the likelihood that her medical records would be detected. The district court also found that Dillon refused to identify Johnson's prescriptions and assist the emergency room doctors who tried to save her. Because we find that the district court's credibility determinations were not clearly erroneous, see United States v. Fisher, 58 F.3d 96, 100 (4th Cir. 1995), we uphold the district court's decision to impose a two-level enhancement for the reckless risk of serious bodily injury pursuant to USSG § 2F1.1(b)(6).

We affirm Dillon's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3

c